# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JUDITH LEE

       Plaintiff,

     v.

BOROUGH OF HANOVER, BRUCE REBERT and
BARBARA KREBS,

       Defendants.

: 
: 
: 
:  Civil Action No. _____
: 
: 
:  Jury Trial Demanded

## COMPLAINT

Plaintiff, Judith Lee, by her undersigned attorney, for her Complaint against the Defendants Borough of Hanover (the "Borough"), Bruce Rebert ("Rebert") and Barbara Krebs ("Krebs") alleges as follows:

## INTRODUCTION

1.  This action is brought by Judith Lee, who, until the termination of her employment by the Defendant Borough, had given almost twenty years of dedicated and distinguished service in the office of the Borough Treasurer of Hanover, Pennsylvania.

2.     The Borough's hiring policies, however, disfavor older workers and as Ms. Lee, who is fifty-eight years old, approached the time that her full pension benefits would vest, the Defendants sought ways to be rid of her. Despite the fact that Ms. Lee had consistently received positive feedback on her job performance, the Defendants, just this year, sought trumped up reasons to criticize Ms. Lee and sought to force her to quit he job.

3.     In the Summer of 2004, without warning, Ms. Lee was demoted and replaced in her position by a significantly younger person, Defendant Barbara Krebs, who lacked the experience possessed by Ms. Lee. When Ms. Lee protested and noted that the Borough's hiring and employment policies improperly took age into account, the Defendants embarked on a program to intimidate and demean Ms. Lee at work in an attempt to drive her to quit. When Ms. Lee asserted her legal rights and retained an attorney to assist her, the Defendants criticized her performance publicly, put Ms. Lee on a "thirty day" performance plan and ultimately terminated her employment.

4.     The Defendants' wrongful conduct reflected an attempt (1) to discriminate against the office's oldest employee in order to favor younger employees; (2) to drive Ms. Lee out of employment before the Borough would become obligated to pay Ms. Lee her full pension benefits upon retirement age (or for unemployment benefits); and (3) to retaliate against Ms. Lee for asserting her

legal rights and raising questions about the manner in which work was performed by the Borough. The Defendants' conduct is in violation of the Age Discrimination in Employment Act: 29 U.S.C. § 621, et seq. and the Pennsylvania Human Rights Act : 43 P.S. § 951-963.

5.     Moreover, after terminating Ms. Lee's employment, the Defendants improperly abused legal processes in a further attempt to harass Ms. Lee, to cause her to incur expenses and to intimidate her and dissuade her from bringing legal action to remedy the discrimination that she had suffered at the Defendants' hands. The Defendants caused the Borough to appeal—twice—from the Pennsylvania Department of Labor's determination that Ms. Lee was eligible for unemployment benefits. Even though the Borough offered no testimony of any kind at the Referee's Hearing and even though the Borough's appeals were facially meritless, the Defendants persisted in this abusive course of action simply to injure Ms. Lee and to attempt to dissuade her from bringing the present action.

## **PARTIES, JURISDICTION AND VENUE**

6.     Plaintiff, Judith Lee, resides at 34 Carlisle Street, Apartment 2, Hanover, Pennsylvania 17331. She was born on June 26, 1947 and is, at the time this Complaint was filed, fifty-eight years old. She was employed by the Borough of Hanover as its Treasurer from until August 2004. In June, 2005, Ms. Lee was

informed that she would be demoted to administrative assistant and on August 19, 2005, the Defendants terminated Ms. Lee's employment with the Borough.

7. Upon information and belief, Defendant Borough of Hanover, Pennsylvania is a municipal entity organized and authorized under the laws of Pennsylvania whose principal offices are located at 44 Frederick Street, Hanover, PA 17331.

8. Upon information and belief, Defendant Bruce Rebert resides at 216 Broadway, Hanover, Pennsylvania. Mr. Rebert is the Borough Manager.

9. Upon information and belief, Defendant Barbara Krebs resides at 1844 Liberty Road, Spring Grove, Pennsylvania. Ms. Krebs is the Office Manager and Treasurer of the Borough and, on information and belief, is under the age of forty-five.

10. Mr. Rebert and Ms. Krebs constitute the management of the Borough's office and effectively control the actions of the Borough for purposes of its employment practices. On information and belief, the conduct of the Borough described herein was at the direction, control and supervision of both Mr. Rebert and Ms. Krebs.

11. This action raises questions of federal law under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et. seq. Jurisdiction over this matter therefore lies under 28 U.S.C. § 1331.

12.     Jurisdiction over Ms. Lee's related state law claims is properly founded upon the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

13.     Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(a) because, upon information and belief, the Defendants reside in the District and because a substantial part of the events or omissions given rise to the claims herein occurred therein.

## FACTUAL ALLEGATIONS

### *Ms. Lee's Employment With the Borough*

14.     For nearly twenty years prior to August 19, 2005, Ms. Lee served as a dedicated public servant.  As Borough Treasurer, Ms. Lee handled the accounts of the Borough and did so in a distinguished manner.  Until the Defendants began to discriminate and retaliate against her earlier this year, she had never received a single negative employment review in her entire tenure nor had she once been the subject of any criticism or adverse employment action.

15.     Indeed, throughout her career, until the recent unlawful conduct by the Defendants, Ms. Lee has consistently received positive feedback on her performance and has received promotions and other recognition of her accomplishments and dedication to the office.

16.     Ms. Lee was dedicated to ensuring that her job was performed properly.  For example, Ms. Lee often worked long hours, but rarely put in for

overtime pay, and she conducted herself with the utmost professionalism. No one in the Borough's offices had more experience than Ms. Lee.

***The Borough's Employment Practices***

17.    Until the termination or her employment, Ms. Lee was the only employee of the Borough over fifty years of age.

18.    On information and belief, the Borough's hiring practices improperly take age into account, giving favor to younger employees and applicants at the expense of older ones. On information and belief, the Borough has sought to hire younger applicants, and has disfavored the hiring and promotion of older applicants, such as Ms. Lee.

19.    For example, on one occasion, the Borough interviewed an employee who was in Ms. Lee's high school class. When Ms. Krebs learned that Ms. Lee was a schoolmate of the applicant, Ms. Krebs asked Ms. Lee "Judy, how old are you?"

20.    After Ms. Lee responded, the applicant was not hired and a younger candidate was hired instead. Upon information and belief, the applicant was not hired because of her age.

21.    In the Summer of 2004, without warning, Ms. Lee was demoted to "administrative assistant" and replaced in her position by a significantly younger person, Barbara Krebs, who lacked the experience possessed by Ms. Lee.

22.     Shortly thereafter, the Borough hired additional personnel, all significantly younger than Ms. Lee.

23.     Ms. Lee's demotion was on account of her age, and not her job performance.  Prior to the Defendants' discriminatory practices which began earlier this year, Ms. Lee had received favorable employment reviews and was never criticized or scolded for her failure to perform her job responsibilities.

24.     On information and belief, prior to Ms. Lee's complaints about age discrimination, the Borough had not hired or promoted any employees of Ms. Lee's age of older.  Instead, the hiring practices of the Borough were to favor younger employees at the expense of older ones.

***The Borough Takes Aim at Ms. Lee***

25.     Almost immediately after the Defendants demoted and replaced Ms. Lee in her position with Ms. Krebs, Ms. Krebs and Mr. Rebert began to look for reasons to harass and intimidate Ms. Lee, in an attempt to force her to quit her job.

26.     Soon after Ms. Krebs joined the Borough, Ms. Krebs immediately began to find pretexts for criticizing Ms. Lee's work, often publicly in front of the entire office staff.  On information and belief, none of the younger employees of the Borough are treated with this discourtesy—their job performance reviews and criticisms are conducted in private and in such a way as not to cause

embarrassment. Ms. Lee, who was the oldest employee in the office, was the only employee singled out for this mistreatment.

27. When Ms. Lee pointed out that certain Borough reports were being completed inaccurately, Ms. Krebs insisted that Ms. Lee withdraw her questions and then proceeded to assert that Ms. Lee had misfiled or inaccurately filled out certain other office reports. Ms. Lee requested the opportunity to explain in writing why she believed that the criticism was inaccurate and why her work was correct. Ms. Krebs refused to permit her to do so. Again, on information and belief, none of the Borough's younger workers were subjected to such treatment.

28. Thereafter, Ms. Krebs, with the assistance and obvious approval of Mr. Rebert and the Borough, undertook a concerted effort to create a hostile work environment for Ms. Lee in an attempt to drive her from her employment. On information and belief, the Defendants did so on account of Ms. Lee's age.

29. Ms. Krebs has repeatedly taken issue with purported problems as to minutes pertaining to a Library committee, for example, a matter of relatively minor importance to the Borough's overall operations. While Ms. Lee was publicly scolded for this purported issue on or about March 2, 2005 and given time off without pay as a result of this relatively unimportant (and untrue) accusation, much more significant problems created by younger Borough employees went completely unaddressed.

30.     On information and belief, when a younger employee left the key in the Borough's check writer overnight—a major risk to the financial security of the Borough—there were no repercussions.

31.     On information and belief, when a younger engineer failed to follow proper procedures as to permits, no one was given time off without pay.

32.     On information and belief, when Ms. Lee expressed concerns about a younger employee's use of time in the office, no action was taken.

33.     On information and belief, when Ms. Krebs' own conduct needlessly forced the Borough to expend considerable sums on consultants, no criticisms were leveled or other corrective actions taken.

34.     In short, while Ms. Lee's purported performance issues as to unimportant matters for the Borough were treated severely, publicly and in a manner calculated to embarrass and intimidate Ms. Lee, younger employees committing much more severe infractions faced few repercussions at all.

35.     Similarly, the Defendants treated Ms. Lee more harshly on account of her age in terms of the consequences of purported performance issues.  Ms. Lee was repeatedly forced to take days away from work without pay—another example of mistreatment that the Borough reserves only for Ms. Lee.  Among other things, Ms. Lee was directed by the Defendants to stay at home on the following dates and was denied compensation:  May 16, 17 & 18, 2005 and June 13, 14 & 15, 2005

This practice was unprecedented and, on information and belief, no younger employees were subjected to it, even when they committed infractions more serious than those the Defendants falsely leveled at Ms. Lee.

36.     In short, the Borough put in place an improper double standard the purpose of which was to demean Ms. Lee and force her to quit.  While Ms. Lee was heavily, publicly and falsely criticized (and monetarily penalized) for alleged issues with her job performance, none of the Borough's other employees, all of whom were under the age of fifty, have been singled out for this mistreatment. Nor have any of the other employees, on information and belief, been sent home without pay as Ms. Lee has on numerous occasions.

37.     The constant and very public criticisms of Ms. Lee by Ms. Krebs were clearly pretextual and levied to humiliate and discriminate against Ms. Lee while younger employees are given no criticisms at all.

***The Events Leading to the Termination of Ms. Lee's Employment***

38.     The double standard and pattern of discrimination outlined above continued for several months, from approximately March 2005 until the time the Defendants terminated Ms. Lee's employment, on or about August 19, 2005.

39.     In May 2005, Ms. Lee, through her counsel, contacted the Borough's attorney and complained about the mistreatment and discrimination outlined above.

40.     The Borough's reaction, far from remedying their discriminatory practices, was to redouble their efforts to discriminate against Ms. Lee, to force her to quit, and to attempt to "paper over" the record by falsely accusing Ms. Lee of performance problems.

41.     Ms. Krebs, with the support and encouragement of Mr. Rebert, began to falsely accuse Ms. Lee of performance problems and issues. These false reports asserted, among other things, that Ms. Lee had conceded that she had not performed as requested when in fact Ms. Krebs knew that this was not the case.

42.     These false reports also purported to find fault with matters as to which Ms. Lee had never previously been criticized and which were not previously considered to be poor performance. In other words, the Defendants, without any warning to Ms. Lee, changed the criteria under which Ms. Lee's job performance was evaluated.

43.     Ms. Lee's job performance was not materially worse than any other employee's at the time these events occurred. Ms. Lee worked hard at her job, put in more hours than she was paid for, and generally conducted herself in a professional and responsible manner. The criticisms the Defendants leveled at Ms. Lee were unfair, inaccurate, baseless and inconsistent with the manner in which they treated younger employees at the Borough.

44.     On July 5, 2005, the Borough took the extreme and unprecedented measure of putting Ms. Lee on a "Thirty Day Plan," which purported to require that she improve her performance or be fired.   On information and belief, Ms. Lee was the only employee singled out for such treatment.

45.     The Thirty Day Plan—aside from being based on false and pretextual assertions—was clearly setting Ms. Lee up to fail.   Under the Plan, Ms. Lee was not even permitted basic access to tools and information she needed to perform her job.   Indeed, on information and belief, Ms. Krebs and Mr. Rebert intended to arrange matters so that Ms. Lee could not possibly satisfy the Plan; they did this to provide justification for the termination of Ms. Lee's employment, which they had previously planned.

46.     Under the Plan, virtually every action taken by Ms. Lee had to be run through and approved by Ms. Krebs, enabling her to conclude in her own subjective judgment that Ms. Lee had failed to meet an elusive and unspecified standard.   And Ms. Krebs made a point of regularly and publicly finding fault with Ms. Lee's performance, primarily by arbitrarily deciding that Ms. Lee's job ordinary performance which had never been criticized was now unacceptable.   Ms. Lee, the only employee in the office that was over the age of fifty, was the only employee that has ever been subjected to such humiliating, needless and discriminatory treatment.

47.     On information and belief, the Defendants' mistreatment of Ms. Lee was on account of Ms. Lee's age, and was intended to cause Ms. Lee to leave employment, so that the Borough would not have to face the expense of paying Ms. Lee either unemployment benefits or her full pension benefits when she reaches retirement age—age sixty-two.   The Defendants also sought to retaliate against Ms. Lee for having asserted her rights and having complained about the discriminatory treatment she had received.

### Ms. Lee's Termination

48.     Despite the unfairness of this situation, Ms. Lee did her best to conform to the "moving target" established by the Defendants under the Plan.  But because the Defendants kept changing the rules of Ms. Lee without warning, they continued to find fault with Ms. Lee's performance during the course of the Plan, even though their criticisms were false and pretextual.

49.     Ms. Krebs then communicated her intention to dismiss Ms. Lee and in doing so further confirmed the Borough's intention to discriminate against and injure Ms. Lee.  Ms. Krebs demanded that Ms. Lee resign—a move intended to dress up their improper termination as the voluntary act of Ms. Lee and to deny her unemployment benefits.

50.    The Borough purported to terminate Ms. Lee's employment on or about August 19, 2005, by a memorandum to Ms. Lee authored by Mr. Rebert and Ms. Krebs.

51.    Ms. Krebs, with the apparent support of Mr. Rebert, then purported to offer Ms. Lee a "severance" that in fact would have required Ms. Lee to sacrifice certain rights and entitlements to payment that she had accrued over her long years of incident-free service to the Borough.

52.    The circumstances of Ms. Lee's mistreatment make clear that she is being singled out both for her age and for her willingness to identify and call attention to improper practices at the Borough.  She is also being terminated in an improper effort to reduce the Borough's retirement benefit costs.

53.    On information and belief, the Defendants' mistreatment of Ms. Lee was intended to (1) rid the office of older employees; (2) avoid paying Ms. Lee her full pension; and (3) deny Ms. Lee unemployment benefits for the Defendants' decision to be rid of her.

***The EEOC Complaint***

54.    When Ms. Lee's complaints to Mr. Rebert and Ms. Krebs met with intensified discrimination, Ms. Lee sought help elsewhere.  In September 2005, Ms. Lee filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), bringing to its attention the matters set forth above.

55.     On October 12, 2005, the EEOC informed Ms. Lee that because Ms. Lee expressed an interest to file a lawsuit to vindicate her rights, the EEOC matter would be administratively dismissed.  The EEOC issued Ms. Lee a Right to Sue letter.

### The Borough Seeks to Harass Ms. Lee Through Meritless Litigation

56.     After her employment with the Borough was terminated, Ms. Lee found herself unemployed and she filed for unemployment benefits.

57.     On or about August 21, 2005, the Pennsylvania Department of Labor concluded that Ms. Lee was eligible for unemployment benefits.

58.     The Borough, at the apparent direction of Mr. Rebert and Mr. Krebs, appealed the determination that Ms. Lee was entitled to benefits, claiming that Ms. Lee was guilty of "willful misconduct."

59.     The Defendants knew this accusation to be false, and they knew that they had no valid evidence to support such an accusation.  They knew or should have known that there was no merit to their appeal whatsoever.

60.     On information and belief, the Defendants made this accusation solely to harass Ms. Lee, to force her to experience expenses and lost opportunities to find knew new work, all in an effort to punish her for having alleged age discrimination and to dissuade her from bringing the present lawsuit or taking other actions to vindicate her rights.

61.     As a result of the Borough's appeal, Ms. Lee had to expend money and time responding to the meritless appeal.

62.     At the Referee's Hearing on November 1, 2005, the Defendants did not bother to present any testimony of any kind (other than that of Ms. Lee).

63.     The Referee found in favor of Ms. Lee and rejected the Borough's appeal.

64.     The Defendants, however, not content to leave matters alone, sought a further appeal of the decision.

65.     On information and belief, the Defendants' intent behind this further appeal was not to assert the merits of their claim—indeed, there are none—but rather to harass and intimidate Ms. Lee, to force her to incur expenses, to disrupt her ability to find replacement employment, to punish her for having alleged age discrimination and to dissuade her from asserting her rights against the Defendants.

## COUNT I
### *(Age Discrimination in Violation of the*
### *Age Discrimination in Employment Act: 29 U.S.C. § 621, et seq. )*

66.     Ms. Lee realleges and incorporates herein the allegations contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

67.     At the time of the discriminatory acts set forth above, Ms. Lee was fifty-eight years old, and was, by a substantial margin, the oldest employee in her office.

68.     The Borough is an employer subject to the provisions of the Age Discrimination in Employment Act and Mr. Rebert and Ms. Krebs are the managers responsible for the Borough's hiring and employment practices and policies.

69.     On account of Ms. Lee's age, the Defendants embarked on a concerted course of discrimination against Ms. Lee, including:

a.      demoting Ms. Lee from Borough Treasurer to administrative assistant in favor of a younger employee;

b.      falsely accusing Ms. Lee of not performing her job responsibilities;

c.      publicly humiliating and demeaning Ms. Lee for purported minor infractions while doing nothing to address younger workers' more serious ones;

d.      forcing Ms. Lee and not any younger workers to stay at home without pay for trumped up job performance issues;

e.      employing a double standard of job evaluations, under which Ms. Lee was subject to changing and subjective standards;

f.      placing Ms. Lee and only Ms. Lee on a "Thirty Day Plan" which the Defendants designed and intended that Ms. Lee could not meet;

g.      terminating Ms. Lee's employment under the pretext that her job performance was substandard, when in fact the Defendants were attempting to cover up their age discrimination;

h.      retaliating against Ms. Lee for asserting her legal rights and complaining about the age discrimination she suffered at the Defendants' hands';

i.      harassing Ms. Lee and seeking to discourage her from asserting her rights by imposing expensive and time-consuming litigation on Ms.

Lee (by appealing her unemployment benefits) which the Defendants knew to be meritless;

j.    seeking to deny Ms. Lee's full pension benefits from vesting by terminating her employment shortly before the date on which she would become 100% vested;

k.    engaging in unlawful hiring practices by refusing to hire an applicant because she was the same age as Ms. Lee.

70.    The Defendants' conduct, as set forth above, was on account of Ms. Lee's age; the younger workers of the Borough were not subjected to the same mistreatment.

71.    The Defendants' hiring and employment practices, on information and belief, take age into account; the Defendants hiring and promotion decisions are less favorable for older workers protected by the Age Discrimination in Employment Act than for younger ones.

72.    The Defendants' conduct was intentional, without justification and in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et al.

73.    As a direct result of the Defendants' unlawful conduct, Ms. Lee has incurred substantial damages, in an amount to be determined at trial.

## <u>COUNT II</u>
### *(Age Discrimination in Violation of*
### *Pennsylvania Human Rights Act : 43 P.S. § 951-963 )*

74.    Ms. Lee realleges and incorporates herein the allegations contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

75.  Ms. Lee realleges and incorporates herein the allegations contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

76.  At the time of the discriminatory acts set forth above, Ms. Lee was fifty-eight years old, and was, by a substantial margin, the oldest employee in her office.

77.  The Borough is an employer subject to the provisions of the Pennsylvania Human Rights Act and Mr. Rebert and Ms. Krebs are the managers responsible for the Borough's hiring and employment practices and policies.

78.  On account of Ms. Lee's age, the Defendants embarked on a concerted course of discrimination against Ms. Lee, including:

   a.  demoting Ms. Lee from Borough Treasurer to administrative assistant in favor of a younger employee;

   b.  falsely accusing Ms. Lee of not performing her job responsibilities;

   c.  publicly humiliating and demeaning Ms. Lee for purported minor infractions while doing nothing to address younger workers' more serious ones;

   d.  forcing Ms. Lee and not any younger workers to stay at home without pay for trumped up job performance issues;

   e.  employing a double standard of job evaluations, under which Ms. Lee was subject to changing and subjective standards;

   f.  placing Ms. Lee and only Ms. Lee on a "Thirty Day Plan" which the Defendants designed and intended that Ms. Lee could not meet;

g.     terminating Ms. Lee's employment under the pretext that her job performance was substandard, when in fact the Defendants were attempting to cover up their age discrimination;

h.     retaliating against Ms. Lee for asserting her legal rights and complaining about the age discrimination she suffered at the Defendants' hands';

i.     harassing Ms. Lee and seeking to discourage her from asserting her rights by imposing expensive and time-consuming litigation on Ms. Lee (by appealing her unemployment benefits) which the Defendants knew to be meritless;

j.     seeking to deny Ms. Lee's full pension benefits from vesting by terminating her employment shortly before the date on which she would become entitled to full pension benefits;

k.     engaging in unlawful hiring practices by refusing to hire an applicant because she was the same age as Ms. Lee.

79.    The Defendants' conduct, as set forth above, was on account of Ms. Lee's age; the younger workers of the Borough were not subjected to the same mistreatment.

80.    The Defendants' hiring and employment practices, on information and belief, take age into account; the Defendants hiring and promotion decisions are less favorable for older workers protected by the Age Discrimination in Employment Act than for younger ones.

81.    The Defendants' conduct was intentional, without justification and in violation of the Pennsylvania Human Rights Act, 43 P.S. § 955, et al.

82. As a direct result of the Defendants' unlawful conduct, Ms. Lee has incurred substantial damages.

## COUNT III
### *(Abuse of Process/Retaliation)*

83. Ms. Lee realleges and incorporates herein the allegations contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

84. After terminating Ms. Lee's employment, the Defendants pursued two completely meritless appeals of the decision of the Pennsylvania Department of Labor that Ms. Lee was qualified to receive unemployment benefits.

85. The Defendants' appeals were totally devoid of merit. Indeed, the Defendants did not offer any testimony at the Referee Hearing that they themselves requested.

86. On information and belief, Defendants utilized these legal processes for purposes for which the legal processes were not designed—namely to intimidate Ms. Lee, to cause her to incur expenses, and to dissuade her from taking legal action to vindicate her rights.

87. The Defendants' conduct was intended to, and did, cause Ms. Lee to expend money, time and energy in defending against a claim that the Defendants knew to be meritless and which the Defendants brought solely to harass and intimidate Ms. Lee.

88.     Indeed, on information and belief, Defendants knew that Ms. Lee was searching for a new job at the time they sought to inflict on her the burden of defending against the meritless unemployment benefit appeal that they initiated.

89.     As a direct result of the Defendants' abuse of process and/or retaliation, Ms. Lee has occurred substantial damages.

## COUNT IV
### *(Violations of ERISA)*

90.     Ms. Lee realleges and incorporates herein the allegations contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

91.     Upon information and belief, the pension and retirement benefits plans the Defendant Borough made available to Ms. Lee were regulated and governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

92.      Upon information and belief, the Defendants' conduct was intended to, and did, interfere with Ms. Lee's attainment of a right to full pension and retirement benefits.

93.     The Defendants' conduct, outlined above, violated ERISA, including 29 U.S.C. § 1140.

94.     As a direct result of the Defendants' violations of ERISA, Ms. Lee has incurred substantial damages.

## **Demand for Jury Trial**

95.     Plaintiff requests a trial by jury on all issues so triable.

WHEREFORE, the Plaintiff Judith Lee asks the Court for the following relief:

1.     Find that Defendants, jointly and severally, committed unlawful age discrimination in violation of the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.) and the Pennsylvania Human Rights Act (43 P.S. § 951-963);

2.     Find that Defendants, jointly and severally, unlawfully retaliated against Plaintiff in violation of the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.) and the Pennsylvania Human Rights Act (43 P.S. § 951-963);

3.     Find that Defendants, jointly and severally, unlawfully violated ERISA (29 U.S.C. § 1001, et seq.);

4.     Enter judgment in favor of Plaintiff on all Counts of this Complaint;

5.     Award Plaintiff compensatory and punitive damages;

6.     Award Plaintiff her costs, expenses and attorneys' fees; and

7.  Enter such further and additional relief as the Count deems to be appropriate.

Respectfully submitted,

JUDITH LEE

By her attorneys,


/s/ Sara A. Austin
Sara A. Austin, Esq.
Austin Law Firm LLC
57 E. Market St.
York, PA  17401
Tel.:  (717) 846.2246
Fax: (717) 846.2248


Of counsel:

Jeffrey A. Simes
Goodwin Procter LLP
599 Lexington Avenue
New York, New York  10022
Tel.: (212) 813-8879
Fax: (212) 355-3333

Dated:  January 6, 2006

# VERIFICATION

The undersigned does hereby affirm that the facts contained in the foregoing Complaint are true and correct to the best of her knowledge, information and belief. This statement is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

DATED:                        /s/ Judith Lee                   
                                     Judith Lee