# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUDITH LEE, | : | |
| Plaintiff | : | NO. 1:CV-06-44 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| BOROUGH OF HANOVER, BRUCE | : | JURY TRIAL DEMANDED |
| REBERT, BARBARA KREBS, AND | : | (Electronically Filed) |
| INTERNATIONAL TAX SERVICE | : | |
| BUREAU, | : | |
| Defendants | : | |

### DEFENDANTS', BOROUGH OF HANOVER, BRUCE REBERT AND BARBARA KREBS, BRIEF IN SUPPORT OF RULE 12 MOTION TO DISMISS

I.  REVIEW OF PLAINTIFF'S COMPLAINT:

Judith Lee ("Plaintiff") alleges 20 years of dedicated and distinguished service in the office as the Borough Treasurer of Hanover, Pennsylvania. (Complaint, ¶ 1) The Borough's hiring policy disfavors older workers. She is 58 years old and approaching full pension benefit vesting. The Defendants sought

ways to be rid of her, despite consistent positive feedback. In 2005, the Defendants sought trumped reasons to criticize Plaintiff and force her to quit her job (Complaint, ¶ 2)

In the summer of 2004, without warning Plaintiff was demoted and replaced by Defendant, Barbara Krebs, a significantly younger person who lacked the experience possessed by Plaintiff. Plaintiff protested that the Borough's hiring and employment policies and properly took into account age. Thereafter, the Borough embarked on a program to intimate and demean Plaintiff to drive her to quit. When Plaintiff asserted her right to counsel, they put her on a "thirty day" performance plan and ultimately terminated her. (Complaint, ¶ 3)

Following her termination, the Borough Defendants caused the Borough to appeal—twice—from the Pa. Department of Labor's determination that Mrs. Lee was eligible for unemployment benefits. (Complaint, ¶ 5)

The Complaint alleges that the Borough of Hanover is a municipal entity. (Complaint, ¶ 7) Defendant, Bruce Rebert is the Borough Manager. (Complaint, ¶ 8) Defendant, Barbara Krebs is the Office Manger and Treasurer and is under the age 45 years. (Complaint, ¶ 9) Defendants, Rebert and Krebs constitute the management of the Borough Office and control the Borough's employment practices. (Complaint, ¶ 10)

Newly added Defendant, ITS is a corporation retained by the Borough. (Complaint, ¶ 11)

There are additional factual allegations in Paragraphs 15 to 70 which elaborate upon the above recited assertions, but are not germane to our Rule 12 Motion.

The Complaint consists of five (5) counts as follows:

    Count I—(Age Discrimination in Violation of the Age Discrimination in Employment Act: 29 U.S.C. § 621, et seq. Against the Borough Defendants)

    Count II—(Age Discrimination in Violation of Pennsylvania Human Relations Act: 43 P.S. § 951-963 Against the Borough Defendants)

    Count III—(Abuse of Process/Retaliation Against All Defendants)

    Count IV—(Violations of ERISA Against All Defendants)

    Count V—(Civil Conspiracy Against All Defendants)

II.    <u>QUESTIONS PRESENTED:</u>

    **A.  DOES THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA"), 29 U.S.C. § 621 *ET SEQ*. PROVIDE FOR A CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS, BRUCE REBERT AND BARBARA KREBS?**

    (Suggested Answer: No.)

**B. ARE PUNITIVE DAMAGES PERMITTED UNDER THE ADEA?**

(Suggested Answer:  No.)

**C. ARE PUNITIVE DAMAGES PERMITTED UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")?**

(Suggested Answer:  No, pursuant to *Hoy v. Angelone*, 720 A.2d 745, 751 (1998).

**D. DID THE PHRA CREATE A CAUSE OF ACTION FOR AGE DISCRIMINATION AGAINST EMPLOYEES?**

(Suggested Answer:  No.)

**E. DOES PENNSYLVANIA'S GOVERN-MENTAL IMMUNITY STATUTE, 42 Pa. C.S.A. § 8541 *ET SEQ.* BAR THE STATE LAW CLAIM OF ABUSE OF PROCESS AGAINST THE DEFENDANT, BOROUGH OF HANOVER?**

(Suggested Answer:  Yes.)

**F. IS THE BOROUGH OF HANOVER IMMUNE ON PLAINTIFF'S COUNT V WHICH APPEARS TO BE A STATE LAW CONSPIRACY CLAIM?**

(Suggested Answer:  Yes.)

III.   ARGUMENT:

STANDARD OF REVIEW:

In deciding a Motion to Dismiss pursuant to Federal Rule 12(b)(6), this Court is required to accept as true all of the factual allegations in the Complaint, and all reasonable inferences that can be drawn from the face of the Complaint.

### A.  THE AGE DISCRIMINATION IN EMPLOYMENT ACT CREATES A CAUSE OF ACTION AGAINST EMPLOYERS ONLY.

The Age Discrimination and Employment Act creates a cause of action against employers only. See, 29 U.S.C. § 623. Accordingly, Defendants, Bruce Rebert and Barbara Krebs who are employees of the Defendant, Borough of Hanover must be dismissed.

### B.  PUNITIVE DAMAGES AS SUCH ARE NOT PERMITTED UNDER THE ADEA.

The ADEA incorporates the enforcement powers, remedies and procedures of the Fair Labor Standards Act ("FLSA") set forth in 29 U.S.C. § 211(b), 216 (except for sub-section (a)), and 29 U.S.C. § 626(b). The enforcements of the FLSA expressly provide for the imposition of liquidated damages payable "in cases of willful violations of this chapter." 29 U.S.C. § 626(b). Thus, when a jury finds that

an employer willfully violated the ADEA, the basic damages award may be doubled under this liquidated damages provision. However, punitive damages as such are not permitted under the ADEA. *See generally, Potence v. Hazelton Area School District*, 357 F.3d 366, 2004 U.S. App. Lexis 1480 (2004).

### C. PUNITIVE DAMAGES ARE NOT PERMITTED UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA").

In *Hoy v. Angelone,* 720 A.2d 745, 751 (1998), our Pennsylvania Supreme Court held that punitive damages are not permitted under the Pennsylvania Human Relations Act ("PHRA").

### D. THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA") DID NOT CREATE A CAUSE OF ACTION FOR AGE DISCRIMINATION AGAINST EMPLOYEES.

The Pennsylvania Human Relations Act ("PHRA") creates a cause of action against "any employer because of . . . age . . . . 43 P.S. § 955(a). Defendants, Bruce Rebert and Barbara A. Krebs do not fall within the definition of "employer". *See,* 43 P.S. § 954(b). Accordingly, the age discrimination claim brought under the PHRA fails to state a claim upon which relief can be granted as to Defendants, Rebert and Krebs.

### E. PENNSYLVANIA'S GOVERNMENTAL IMMUNITY STATUTE, 42 PA. C.S.A. § 8541 *ET SEQ*. BARS THE STATE LAW CLAIM OF ABUSE OF PROCESS AGAINST THE DEFENDANT, BOROUGH OF HANOVER.

Abuse of process is an intentional tort which does not fall under any of the exceptions to governmental immunity.  *See*, 42 Pa. C.S.A. § 8542(b).  The cloak of governmental immunity is not lifted as a consequence as to the Defendant, Borough of Hanover with respect to the alleged abuse of process state law claim.

### F. PENNSYLVANIA'S GOVERNMENTAL IMMUNITY STATUTE BARS THE STATE LAW CONSPIRACY CLAIM IN COUNT V.

Count V on its face appears to be a state law conspiracy claim.  Since this claim, like the abuse of process claim, does not fit any of the exceptions to immunity found in 42 Pa. C.S.A. § 8542(b), it is barred as to the Borough of Hanover.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

DATE:  March  6, 2006

By:  /s/ Robert G. Hanna, Jr.
     Robert G. Hanna, Jr., Esquire
     225 Market Street, Suite 304
     P.O. Box 1245
     Harrisburg, PA 17108-1245
     (717) 233-6633 (telephone)
     (717) 233-7003 (facsimile)
     Atty No. PA17890
     rhanna@laverylaw.com
     Attys for Defendants, Borough of Hanover, Bruce Rebert and Barbara Krebs

## CERTIFICATE OF SERVICE

I, Blanche A. Morrison, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 6th day of March, 2006, I served a true and correct copy of the foregoing Defendants' Brief in Support of Rule 12 Motion to Dismiss, via ECF service, as follows:

>Jeffrey A. Simes, Esquire
>Goodwin Procter LLP
>599 Lexington Avenue
>New York, NY  10022
>-and-
>Sara A. Austin, Esquire
>Austin Law Firm LLC
>57 East Market Street
>York, PA  17401
>*Attorneys for Plaintiff*
>
>John L. Senft, Esquire
>Senft Law Firm
>Codorus Valley Corporate Center
>Suite 2
>105 Leader Heights Road
>York, PA  17403

>/s/ Blanche A. Morrison
>Blanche A. Morrison, Legal Secretary
>to Robert G. Hanna, Jr., Esquire

This document has also been electronically filed and is available for viewing and downloading from the ECF system.